EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRUCE K. RIORDAN (Cal. Bar No. 127230)
Assistant United States Attorney
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0480
    Facsimile: (213) 894-7631
    E-mail:    bruce.riordan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-666-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: November 3, 2016 |
| DWEN EDWARD CURRY, | Hearing Time: 10:30 a.m. |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Bruce K. Riordan, hereby files its sentencing position with respect to defendant Dwen Edward Curry.

1    This sentencing position is based upon the attached memorandum
2 of points and authorities, the files and records in this case, and
3 such further evidence and argument as the Court may permit.

4 Dated: November 2, 2016          Respectfully submitted,

5                                  EILEEN M. DECKER
                                   United States Attorney
6
                                   LAWRENCE S. MIDDLETON
7                                  Assistant United States Attorney
                                   Chief, Criminal Division
8

9                                         /s/
                                   BRUCE K. RIORDAN
10                                 Assistant United States Attorney

11                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On October 31, 2016, defendant Dwen Edward Curry ("defendant") admitted allegations two, three and four in the Probation Office's Petition against her.[1]  After the Court accepted the admissions, the government moved to dismiss allegations one and five and the Court granted the motion, dismissing those allegations. The Court provided defendant additional time to file a sentencing position, which defendant did on November 2, 2016.  The Court also stated that the government could either respond in writing by close of business on November 2, or orally at the sentencing hearing on November 3.

On November 2, defendant filed a position paper asking the Court to sentence defendant to "one year and one day in custody." (Defendant's Sentencing Position at 6.)  For the reasons set forth below, the government's position is that a custodial sentence at the low-end of the applicable Guidelines range, namely eighteen months' imprisonment, is appropriate and sufficient, but not greater than necessary, to further the interests of justice.

**II.   FACTUAL BACKGROUND**

The facts are contained in the Probation Officer's March 7, 2016 letter ("Probation Letter") to the Court.  The government adopts those facts and incorporates then into its recommendation.  The government has also read and considered both defendant's sentencing position and defendant's "Amended Pre-Plea Presentence Investigation Report" ("PIR") from the underlying criminal case, which is attached to the Probation Letter.

---

[1] Defendant's preferred identification is female.

**III. THE GOVERNMENT'S POSITION: A SENTENCE AT THE LOW-END OF THE GUIDELINES RANGE IS REASONABLE AND APPROPRIATE**

The government agrees with the Probation Office's calculations set forth in the "Revocation Sentencing Considerations Chart" attached to the Probation Letter. Based on those calculations, along with a review of the materials described in Section II above, the government's position is that a guidelines custodial sentence is warranted in this case. The government recommends that defendant be sentenced to a custodial term within the applicable Guidelines range, namely, eighteen months' imprisonment.

The government will expand on this recommendation at the time of hearing should the Court so direct. For the purposes of this filing, the government is basing it low-end recommendation on several aggravating factors, balanced by two mitigating factors. The aggravating factors are:

- Defendant's very clear breach of the District Court's trust by committing a variation of the same financial crime for which she was convicted in 2011. This conduct, along with the description of the Probation Officer's interactions with defendant in the Probation Letter demonstrates that defendant has not yet shown an effort to rehabilitate.

- The underlying criminal conduct involves crimes with actual victim impact and therefore does represent a danger to the community. The crimes may not be violent ones, but that does not mean that they are without significance. Identity theft crimes of this sort victimize innocent people and cause other repercussions throughout society, making people feel vulnerable and unsafe in their private activities. In

2

- other words, while the defendant's papers make much of her own vulnerabilities, her criminal conduct exploits the vulnerabilities of others.
- Finally, there is the frequency and nature of defendant's criminal history. The frequency of the criminal history described in the PIR speaks for itself, but it is also the continued nature of defendant's invasive and intrusive financial crimes that strongly suggests that defendant is on a track to becoming a career criminal.

With those aggravating factors in mind, the government does temper its recommended sentence by two potentially mitigating factors:

- This is defendant's first offense in front of this Court and the first breach of this Court's trust.
- Government counsel has had the opportunity to observe defendant's demeanor and her statements during his admissions before this Court on October 31, and to read defendant's sentencing appears and does believe that the defendant demonstrated an acceptance of responsibility and an appreciation of the gravity of her current situation.

With those various factors in mind, the government recommends a low-end guidelines sentence of 18-months. Absent the mitigating, factors, the government would likely have recommended a longer sentence. But, on balance, in the government's view, a low-end guidelines sentence of 18-month is appropriate here.

**IV.   CONCLUSION**

For the foregoing reasons, a custodial sentence of eighteen months is sufficient, but not greater than necessary, to punish

3

defendant, promote respect for the law, and deter defendant from committing similar crimes in the future.

Dated: November 2, 2016          Respectfully submitted,

                                        EILEEN M. DECKER
                                      United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                               /s/
                                        BRUCE K. RIORDAN
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA